**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

```
-----------------------------------------------------------------X
                                                       :
MALIBU MEDIA, LLC,                                     :
                                                       :        Civil Action No. 5:14-cv-2654
                              Plaintiff,               :
                                                       :
                    vs.                                :
                                                       :
JOHN DOE subscriber assigned IP address                :
71.72.54.51,                                           :
                                                       :
                              Defendant.               :
                                                       :
-----------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO**
**SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**

[Remainder of page intentionally left blank]

## TABLE OF AUTHORITIES

Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003)..........................................................6

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008)....................................4

Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010).........................................................4

Arista Records, LLC v. Does 1-15, 2007 WL 5254326 (S.D. Ohio 2007)....................................7

Blakeslee v. Clinton County, 336 Fed.Appx. 248, 250 (3d Cir. 2009)..........................................5

Breaking Glass Pictures v. Does 1-99, 2013 WL 5308720 (N.D. Ohio 2013)..............................9

Breaking Glass Pictures v. John Does 1-32, 2014 WL 467137 (S.D. Ohio 2014).......................9

Brown v. Owens Corning Inv. Review Comm., 622 F.3d 564, 572 (6th Cir. 2010).....................5

Columbia Ins. Co. v. Seescandy et al., 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) ......................8

Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) .........................................................................5

Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) ................................................................5

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) ................................5

Green v. Doe, 260 Fed.Appx. 717, 719 (5th Cir. 2007) ...............................................................5

Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) .........................................................................9

Hard Drive Productions, 2012 WL 3581193)...............................................................................9

Krueger v. Doe, 162 F.3d 1173 (10th Cir. 1998)..........................................................................5

Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) .....................................................................5

Malibu Media LLC v. John Does 1-12, 12-1342, 2012 WL 5928528 (C.D. Ill. Nov. 26, 2012)...8

Malibu Media, LLC v. Doe, 2:13-CV-259-FTM-99, 2013 WL 2154818 (M.D. Fla. May 17,
    2013) ........................................................................................................................................9

Malibu Media, LLC v. Doe, 2014 WL 3846036 (E.D. Mich. 2014).............................................4

Malibu Media, LLC v. Doe, 2014 WL 4638930 (S.D. Ohio 2014)...............................................7

Malibu Media, LLC v. Doe, 2014 WL 4638936 (S.D. Ohio 2014)...........................................4, 7

Malibu Media, LLC v. John Does 1, 6, 13, 14, 950 F. Supp. 2d 779, 782 (E.D. Pa. 2013)...........6

Malibu Media, LLC v. John Does 1–9, 2013 WL 142083 (E.D. Mich. 2013).............................4

Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) .....................................................................5

Sony Music Entm't v. Does 1-40, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004) .........................4

Patrick Collins, Inc. v. John Does 1-28, 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013)6

Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011)................................................5

TCYK, LLC v. Does 1-47, 2013 WL 4805022 (S.D. Ohio 2013).................................................9

Thompsons Film, LLC v. Does 1-44, 2013 WL 4046404 (N.D. Ohio 2013)................................6

Vision Films, Inc. v. Does 1–16, 2013 WL 1385206 (E.D. Tenn. 2013) ......................................4

Young v. Transp. Deputy Sheriff I, 340 Fed.Appx. 368 (9th Cir. 2009).......................................5

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby respectfully submits this Memorandum in support of its Motion for Leave to serve a third party subpoena prior to a Rule 26(f) conference.

### I.    INTRODUCTION

Plaintiff, Malibu Media, (d/b/a "X-art.com") operates a popular subscription based website.[1]  Plaintiff creates its own content which is being infringed on a massive scale.  The John Doe Defendant's IP address has been habitually used to infringe Plaintiff's copyrighted works. Accordingly, Plaintiff seeks leave to serve limited, immediate discovery on the John Doe Defendant's Internet Service Provider, Time Warner Cable (hereafter "ISP") so that Plaintiff may learn Defendant's true identity.   Plaintiff is suing Defendant for using the Internet, specifically the BitTorrent file distribution network, to commit direct copyright infringement.

Because Defendant used the Internet to commit this infringement, Plaintiff only knows Defendant by his Internet Protocol ("IP") address.  Defendant's IP address was assigned to the Defendant by his ISP.  Accordingly, the ISP can use the IP address to identify the Defendant.[2] Indeed, ISPs maintain internal logs, which record the date, time and customer identity for each IP address assignment made by that ISP.  Significantly, ISPs may maintain these logs for only a short period of time.[3]

---

[1] *See* Declaration of Colette Field (Exhibit A)
[2] *See* Declaration of Patrick Paige (Exhibit B)
[3] Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives**,** (January 2011) at http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on the Defendant's ISP. This subpoena will demand the true name, address, and e-mail address of the Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff can neither serve the Defendant nor pursue this lawsuit to protect its valuable copyrights.

## II.    ARGUMENT

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) (numbers added)); *Malibu Media, LLC v. Doe*, 2014 WL 3846036 (E.D. Mich. 2014) (adopting five factor test); *Malibu Media, LLC v. Doe*, 2014 WL 4638936 (S.D. Ohio 2014) ("Courts within the Sixth Circuit have found good cause and granted motions for expedited discovery in such actions as well."); *Vision Films, Inc. v. Does 1–16,* 2013 WL 1385206 (E.D. Tenn. 2013) (finding good cause); *Malibu Media, LLC v. John Does 1–9*, 2013 WL 142083 (E.D. Mich. 2013) (same). *See also*, *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008), and the cases cited therein,

4

noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery.  Here, Plaintiff easily satisfies all of these requirements.  Accordingly, this Court should grant the Motion.

A.    **Circuit Courts Unanimously Permit Discovery to Identify John Doe Defendants**

Federal Circuit Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants.  For example, the Second Circuit stated in *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) that "courts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's . . . until the plaintiff has had some opportunity for discovery to learn the identities." *See also*, *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant.").  *Accord Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *Blakeslee v. Clinton County*, 336 Fed. Appx. 248, 250 (3d Cir. 2009); *Young v. Transp. Deputy Sheriff I*, 340 Fed. Appx. 368 (9th Cir. 2009); *Green v. Doe*, 260 Fed. Appx. 717, 719 (5th Cir. 2007); *Krueger v. Doe*, 162 F.3d 1173 (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980).

B.    **Good Cause Exists to Grant the Motion**

1.    **Plaintiff Has a Prima Facie Claim for Copyright Infringement**

A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  *Feist Publ'ns, Inc. v.  Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  Plaintiff satisfied the first

5

good cause factor by properly pleading a cause of action for copyright infringement:

    30.    Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

    31.    By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

    32.    Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

Complaint at ¶¶ 30-32.  *See* 17 U.S.C. §106; *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); *Thompsons Film, LLC v. Does 1-44*, 2013 WL 4046404 (N.D. Ohio 2013) ('[T]he Complaint sufficiently alleges the person associated with the above-referenced IP address is guilty of copyright infringement); *Patrick Collins, Inc. v. John Does 1-28*, 2013 WL 359759 (E.D. Mich. 2013) (same).

    Further, Plaintiff's allegations of infringement are attested to by Plaintiff's investigator, IPP International UG's employee, Tobias Fieser.  *See* Declaration of Tobias Fieser in Support of Plaintiff's Motion For Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Fieser Declaration") at ¶¶ 13 - 16, Exhibit C.  And, during the first ever BitTorrent copyright lawsuit to reach trial, Judge Baylson concluded that Plaintiff's technology was valid.  *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 782 (E.D. Pa. 2013) ("I concluded that Malibu had expended considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants—both of whom were located in Germany and who testified at the trial of June 10, 2013—was valid.").  Accordingly, Plaintiff has exceeded its obligation to plead a prima facie case.

**2.**     **Plaintiff Has Clearly Identified Specific Information It Seeks Through Discovery**

Plaintiff seeks to discover from the Defendant's ISP the true name, address, and e-mail address of the Defendant. This is all specific information that is in the possession of the Defendant's ISP that will enable Plaintiff to serve process on Defendant. Because the requested discovery is limited and specific, Plaintiff has satisfied the second good cause factor. *See Arista Records, LLC v. Does 1-15*, 2007 WL 5254326 (S.D. Ohio 2007) ("The subpoena directed at the [third party] seeks only information sufficient to identify the Doe defendants. The limited scope of this discovery request supports a finding of good cause.") (citations omitted); *Malibu Media, LLC v. Doe*, 2014 WL 4638936 (S.D. Ohio 2014) ("The Court concludes that, based on this information, Malibu Media has identified the Doe defendant with sufficient specificity."); *Malibu Media, LLC v. Doe*, 2014 WL 4638930 (S.D. Ohio 2014) ("Malibu Media has demonstrated that the information it seeks is likely to lead to information which will allow it to identify and perfect service on the Doe defendant.").

**3.**     **No Alternative Means Exist to Obtain Defendant's True Identities**

Other than receiving the information from the Defendant's ISP, there is no way to obtain Defendant's true identity because "records are the only available evidence that allows us to investigate who committed crimes on the Internet. They may be the only way to learn, for example, that a certain Internet address was used by a particular human being to engage in or facilitate a criminal offense." *See* Statement Of Jason Weinstein, *supra*, note 3. Indeed, "[o]nce provided with the IP Address, plus the date and time of the detected and documented activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time." *See*

7

Declaration of Patrick Paige at ¶ 11 (Exhibit B).  Because there is no other way for Plaintiff to obtain Defendant's identity, except by serving a subpoena on Defendant's ISP demanding it, Plaintiff has established the third good cause factor.  *See Malibu Media, LLC v. Doe*, 2014 WL 4638930, *3 (S.D. Ohio 2014) ("Plaintiff reasonably believes that there are no practical methods to discover Defendants' identities without court-ordered discovery.") (quoting *Malibu Media, LLC v. John Does 1–23,* 2012 WL 1144822, *2 (D.Colo. 2012); *Elektra Entm't Group, Inc. v. Doe*, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) (finding that the feasibility of a suggested alternative method of determining defendants' identities by hiring a private investigator to observe downloading "is questionable at best"); *Malibu Media LLC v. John Does 1-12,* 2012 WL 5928528 (C.D. Ill. 2012) ("Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy").

### 4. Plaintiff Needs the Subpoenaed Information to Advance the Asserted Claims

Obviously, without learning the Defendant's true identity, Plaintiff will not be able to serve the Defendant with process and proceed with this case.  Plaintiff's important statutorily protected property rights are at issue in this suit and, therefore, the equities should weigh heavily in favor of preserving Plaintiff's rights.  Because identifying the Defendant by name is necessary for Plaintiff to advance the asserted claims, Plaintiff has established the fourth good cause factor. *Malibu Media, LLC v. Doe*, 2014 WL 4638940 (S.D. Ohio 2014) ("Accordingly, because it appears likely that Plaintiff will be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovery

8

the identities of Defendants.") (quoting *Malibu Media, LLC v. John Does 1–23,* 2012 WL 1144822, \*2 (D.Colo. 2012)); *Malibu Media, LLC v. Doe*, 2013 WL 2154818 (M.D. Fla. 2013) ("Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement.").

     **5.**     **<u>Plaintiff's Interest in Knowing Defendant's True Identities Outweighs Defendant's Interests in Remaining Anonymous</u>**

Plaintiff has a strong legitimate interest in protecting its copyrights. Defendant is a copyright infringer with no legitimate expectation of privacy in the subscriber information he provided to his ISP, much less in distributing the copyrighted work in question without permission. *See Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("[C]omputer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *Breaking Glass Pictures v. Does 1-99*, 2013 WL 5308720 (N.D. Ohio 2013) ("[B]ecause internet subscribers have necessarily conveyed their identity and other identifying information to and ISP provider in order to establish an account, they do not have a 'reasonable expectation of privacy in their subscriber information.'") (quoting *Hard Drive Productions,* 2012 WL 3581193)); *Breaking Glass Pictures v. John Does 1-32*, 2014 WL 467137 (S.D. Ohio 2014) (same); *TCYK, LLC v. Does 1-47,* 2013 WL 4805022 (S.D. Ohio 2013) (same). Because Defendant does not have a legitimate interest in remaining anonymous, and Plaintiff has a strong, statutorily recognized and protected interest in protecting its copyrights, Plaintiff has established the fifth good cause factor.

     **C.**  **<u>Plaintiff Does Not Oppose a Protective Order for the John Doe Defendant</u>**

In previous Malibu Media cases in this District, some judges have entered protective orders preserving the Defendant's anonymity under further order of the Court. Attached hereto

as Exhibit D is a proposed protective order which Plaintiff would not object to the Court entering *sua sponte*.

**III.    CONCLUSION**

For the foregoing reasons, this Court should grant leave to Plaintiff to issue a Rule 45 subpoena to the ISP.

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 */s/ Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*